**IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ERNEST D. SHIELDS | ) | |

**MOTION FOR RELIEF UNDER 28 U.S.C. SEC. 2255**

**Part I - Motion Pursuant to <u>Johnson V. U.S.</u>**

NOW COMES the movant, Ernest D. Shields, by and through his counsel, John T. Kennedy, Panel Attorney, Federal Defender Program, and respectfully moves under 28 U.S.C. sec. 2255 for the vacation of his sentence as an armed career criminal.  This motion is his first motion for relief under 28 U.S.C. sec. 2255.  Part I is based upon <u>Johnson</u>.  Part II is based upon ineffective assistance of counsel.

<u>Nature of the Motion</u>

Ernest Shields was convicted as a armed career criminal, which requires a predicate three "violent force" felonies.  In <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) the Supreme Court held that imposing a sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. sec 924(e)(2)(B)(ii)(ACCA) violates due process because the clause is unconstitutionally vague.

> (B) the term "violent felony" means any crime punishable
> by imprisonment for a term exceeding one year ****
>     (I) has as an element the use, attempted use,
>     or threatened use of physical force against
>     the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>; 18 U.S.C. sec. 924 (e)(2)(B) (emphasis added to indicate the "residual clause".)

The residual clause requires a court to picture "the ordinary case." This abstraction, however, is an indeterminate and wide-ranging inquiry. The clause creates uncertainty as to how much risk is posed by a crime. It also creates uncertainty in determining how much risk is necessary to qualify a crime as a "violent felony". It results in a violation of Fifth Amendment due process and Sixth Amendment right to jury determination of the facts.

In Part II, the defendant raises the issue of ineffective assistance of counsel.

<u>Jurisdiction</u>

1. Ernest Shields is currently incarcerated at FCI Manchester Medium - Federal Correctional Institution, 805 Fox Hollow Road, Manchester, KY 40962. He is assigned BOP Inmate #43734-424.

2. Mr. Shields was charged in a one count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g) and 924(e)(1).

3. On March 27, 2013 Ernest Shields was convicted in the United States District Court for the Northern District of Illinois in Chicago, Illinois, under Case Number 11 CR 0440 after a jury

trial.

4.   Sentence was imposed on November 27, 2013 and Mr. Shields was sentenced as an armed career criminal under 18 U.S.C. Sec. 924(e)(1) to the mandatory minimum term of 15 years and five years supervised release.

5.    The maximum sentence allowed under 18 U.S.C. sec. 924(a)(2) is ten years.

6.   The fifteen year sentence imposed upon Ernest Shields is imposed in violation of the Constitution and the laws of the United States, and the sentence imposed is in excess of the maximum sentence authorized by law, which is ten years under 18 U.S.C. sec. 924(a)(2).   Mr. Shields is entitled to relief from his ACCA sentence under 28 U.S.C. Sec. 2255(a).

7.   Petitioner appealed from the judgment of conviction to the United States Court of Appeals for the Seventh Circuit.   The appellate case was number 13-3726.   The judgment of the district court was affirmed on June 15, 2015.   The mandate of the court issued on July 7, 2015.   The citation to the case is United States v. Ernest D. Shields, 789 F.3d 733 (7th Cir. 2015).   The grounds raised in the appeal are:

I.   Sufficiency of the evidence;

II.   Error in denying motion to suppress;

III.   Failure to disclose Brady material;

IV.   Denial of motion to continue trial;

- 3 -

V. An illegal sentence in imposition of the mandatory minimum sentence of 15 years under the Armed Career Criminal Act, an argument based upon Alleyne v. United States, Almenarez-Torres v. United States, Apprendi v. New Jersey, citing U.S. v. Hagenow, which discusses "crime of violence" and in turn relies upon Taylor v. United States; and the Sixth Amendment.

VI. Error in finding convictions remained convictions after restoration of civil rights;

VII. Second Amendment challenge to conviction under 18 U.S.C. sec. 922(g).

8. Petitioner filed a petition for certiorari in the United States Supreme Court on September 11, 2015. The petition was denied on November 2, 2015. The grounds raised in the petition for certiorari are the following:

I. The convictions against the defendant for purposes of the ACCA were not a "violent felony" under Johnson v. United States, 135 S.Ct. 2551.

II. Prior convictions were not proven beyond a reasonable doubt to a jury and were used to sentence defendant under the ACCA, citing Alleyne v. United States.

III. Application of Brady v. Maryland to suppression hearings.

9. This is Mr. Shields' first habeas corpus petition. No other petition or appeal is now pending in any federal court as to the judgment under attack.

10. The attorneys who have represented Mr. Shields in the following stages of the judgment attacked herein are:

a) At preliminary hearing: none held;

b) At arraignment and plea: Daniel J. Hesler, Assistant Federal Defender, Chicago, IL;

- 4 -

c) At trial: Andrea E. Gambino, 53 W. Jackson Boulevard, Suite 224, Chicago, IL 60604;

d) At sentencing: pro se;

e) On appeal and PLA: Craig M. Sandberg, Martin & Sandberg, 19 S. LaSalle Street, Suite 700, Chicago, IL 60603;

f) In any post-conviction proceedings: none;

g) On appeal from any adverse ruling in a post-conviction proceeding: none.

11. The defendant was not sentenced on more than one count of an indictment, or on more than one indictment, in the same court at the same time.

## Timeliness of this section 2255 motion

This section 2255 motion is brought within one year of the denial of the petition for certiorari. The issue posed by the "crime of violence" was preserved in the appellate brief under argument based upon Alleyne v. United States, Almenarez-Torres v. United States, Apprendi v. New Jersey, citing U.S. v. Hagenow, which discusses "crime of violence" and in turn relies upon Taylor v. United States, and the Sixth Amendment. The issue was further preserved in the petition for certiorari, raising the same issue as on appeal, and citing the then-decided case of Johnson v. United States, 135 S.Ct. 2551 (2015). The defendant relies upon both 28 U.S.C. sec. 2255(f)(1) and (3).

The issue of ineffective assistance of counsel has not

previously been raised.

Discussion

The defendant Shields was sentenced under the ACCA, which requires three prior convictions that are each a "violent felony" or a serious drug offense.  18 U.S.C. sec. 924(e)(1).  The statute defines a "violent felony" as:

> "any crime punishable by imprisonment for a term exceeding one year ... that-
> (I) has as an element the use, attempted use, or threatened use of physical fore against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>."  18 U.S.C. sec. 924(e)(2)(B)(emphasis added).

The underlined phrase is known as the Act's residual clause.  In <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), the United States Supreme Court held that decisions under the residual clause "have proved to be anything but evenhanded, predictable, or consistent." <u>Johnson v. United States</u>, 135 S.Ct. at 2563.  The Court held that imposing an increased sentence under the residual clause violates the Constitutional guarantee of due process. <u>Johnson v. United States</u>, 135 S.Ct. at 2563.

A construction of the ACCA allowing more than an elements only inquiry would raise Sixth Amendment concerns.  "[O]nly a jury, and not a judge, may find facts that increase a maximum penalty, except

- 6 -

for the fact of a prior conviction. See <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000)." <u>Mathis v. United States</u>, 136 S.Ct. 2243, 2252 (2016). Expanding on this, in his concurring opinion, Justice Thomas noted that by refusing to apply the modified categorical approach, the Court avoids extending further precedents that limit a defendant's right to a jury trial; and that the exception created by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 246-247 (1998) for the "fact of a prior conviction" is wrong. <u>Mathis v. United States</u>, 136 S.Ct. at 2258.

The three predicate felonies of Mr. Shields are aggravated battery, residential burglary, and armed robbery. Application of the residual clause to determine whether these felonies are "violent felonies" for purposes of the ACCA results in a denial of due process and a deprivation of the right to jury determination of facts. The sentence imposed on Mr. Shields cannot stand.

The decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 applies retroactively. <u>Welch v. United States</u>, 136 S.Ct. 1257 (2016), and in accord, <u>Price v. United States</u>, 795 F.3d 731 (7th Cir. 2015).

<u>The predicate three prior "violent felonies"</u>

The three prior "violent felonies" relied on by the court in sentencing Mr. Shields under the ACCA were:

a) on December 1, 1994, Shields was convicted of aggravated battery that occurred on December 15, 1991,

case number 93 CR 403801, in the Circuit Court of Cook County, Illinois and sentenced to ten years imprisonment.

b) on March 30, 1995, Shields was convicted of residential burglary that occurred on August 21, 1994, case number 94 CR 2911401, in the Circuit Court of Cook County, Illinois and sentenced to six years imprisonment.

c) on October 5, 2005 Shields was convicted of armed robbery that occurred on November 17, 2003, case number 03 CR 2788801, in the Circuit Court of Cook County, Illinois and sentenced to eleven years imprisonment.

These felonies cannot be determined to be "violent felonies" without violation of Fifth Amendment due process and Sixth Amendment right to jury determination of any fact that increases the penalty for a crime beyond the prescribed statutory maximum. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The sentence imposed on Mr. Shields is an illegal sentence, in excess of the of the ten year statutory maximum for being a felon in possession of a firearm. 18 U.S.C. sec. 924(g). Because the sentence imposed under the ACCA was both in violation of due process and in excess of the maximum sentence allowed, Mr. Shields is entitled to relief under 28 U.S.C. sec. 2255(a).

## What is meant by a "violent felony"

In Johnson v. United States, 130 S.Ct. 1265 (2010) the Supreme Court held that the meaning of "physical force" is a question of federal law, not state law. Johnson v. United States, 130 S.Ct. at 1269. The Supreme Court rejected the argument that since the

common law meaning of "physical force" included any touching, it satisfied the "physical force" requirement, stating that:

> Although a common-law term of art should be given its established common-law meaning, [citation omitted] we do not assume that a statutory word is used as a term of art where that meaning does not fit. Johnson v. United States, 130 S.Ct. at 1270.

There must be violent force, not just physical contact, to establish an offense encompassed by 18 U.S.C. sec. 924(e)(2)(B).

To be a "violent felony," the term "physical force" means violent force, a force capable of causing physical pain or injury to a person. Johnson v. United States, 130 S.Ct. at 1271. Whether the offense is aggravated battery, residential burglary, or armed robbery, if it is to be a violent felony, the offense must require such violent physical force.


Categorical analysis

Subsequently, in Johnson II, the Supreme Court reiterated the principle that courts shall use the "categorical approach" when deciding whether an offense is a violent felony under the listed offenses of the ACCA and the residual clause, looking "only to the fact that the defendant has been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." Johnson v. United States, 135 S.Ct. at 2562, citing Taylor v. United States, 495 U.S. at 599-602, 110 S.Ct. 2143 (1990).

The categorical approach, as used under the residual clause, requires a court to picture the "ordinary case" where there is no certainty as to what is the "ordinary case". Johnson v. United States, 135 S.Ct. at 2557. That creates uncertainty as to what is a violent felony. Vague provisions of a statute are not made constitutional simply because there is some conduct that falls within it. Johnson v. United States, 135 S.Ct. at 2561. Such vagueness causes the residual clause to be void. Johnson v. United States, 135 S.Ct. at 2561.

Determining whether an offense is a "crime of violence"

The United States Supreme Court held in Taylor v. United States, 495 U.S. 575, 600 (1990) that the ACCA requires use of the categorical approach when deciding whether an offense is a "violent felony." Whether a crime is a "violent felony" is determined "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Johnson v. United States, 135 S.Ct. at 2557, citing Begay v. United States, 553 U.S. 137, 141, 128 S.Ct. 1581 (2008).

To determine whether a prior conviction is one of the ACCA listed crimes, the courts apply the categorical approach, asking whether the elements of the offense forming the basis for the conviction sufficiently matches the elements of the generic version of the crime. Mathis v. United States, 136 S.Ct. at 2248.

"Elements" are the constituent parts of a crime's legal definition which must be proved beyond a reasonable doubt to sustain a conviction. "Elements" are distinct from "facts", which are extraneous to the crime's legal requirements and hence ignored in the categorical approach. Mathis v. United States, 136 S.Ct. at 2248.

Only the elements of the statute are considered, provided the statute is indivisible. Deschamps v. United States, 133 S.Ct. 2276 (2013).

The existence of some obviously risky crimes does not establish that the offense is properly included as a "violent felony" in the residuary clause. Examples of such offenses given in Johnson v. United States, 135 S.Ct. 2551 are vehicular flight, which ranges anywhere from provoking a high speed chase to simply failing to pull over immediately upon a policeman's signal; and rioting at a correctional institution, which ranges from a full-fledged prison riot to a food fight to passive refusal to move. Johnson v. United States, 135 S.Ct. at 2559-60.

Application of the "categorical" approach to specific offenses

Aggravated Battery

Assuming that the Illinois aggravated battery statute is a divisible statute, the modified categorical approach applies. In determining which part of the statute applies, the court is limited to certain official documents, including the plea colloquy and the

- 11 -

judgment of conviction.  Shepard v. United States, 544 U.S. 13, 24-26 (2005).

Some offenses of aggravated battery have been found not to be violent felonies.  For instance, making insulting or offensive contact with a peace officer, United States v. Aviles-Solarzano, 623 F.3d 470 (7th Cir. 2010).  Also, some aggravated battery convictions in Illinois are based on an offense in a protected area, such as a public way.  It is the Government's burden to show which elements of the State statute apply.  See Kirkland v. United States, 687 F.3d 878 (7th Cir. 2012).


Residential Burglary

The offense of residential burglary in Mr. Shield's case dates from 1994.  In 1994, the Illinois residential burglary statute provided:

> A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft.  720 ILCS 5/19-3 (1991).

In Illinois, in 1994, residential burglary was a separate offense from burglary.  Bailey v. United States, No. 13-2248 (7th Cir. 2014, nonprecedential disposition)  Burglary is one of the identified enhancing offenses of the ACCA.  It is necessary to apply the categorical approach to determine whether the offense of conviction constitutes the generic offense of burglary.

The question becomes, does residential burglary in Illinois

"involve conduct that presents a serious potential risk of physical injury to another?" That is answered by the discussion of residential burglary in <u>Johnson v. United States</u>, 135 S.Ct. 2551. The Supreme Court determined that there is not a reliable way to choose between the competing views that a would-be burglar might precipitate a violent encounter or might hear the occupant yelling "Who's there?" from a window and run away. <u>Johnson v. United States</u>, 135 S.Ct. at 2558. There is no definitive answer in the determination of "serious potential risk".

The prior conviction of Mr. Shield for residential burglary cannot stand as a predicate felony under the ACCA.

<u>Armed Robbery</u>

Prior to the Supreme Court decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 the Seventh Circuit held that the Illinois armed robbery statute is a violent felony. However, robbery is not an identified enhancing offense under the ACCA, and the residual clause has been held unconstitutional. The second <u>Johnson</u> case, <u>Johnson v. United States</u>, 135 S.Ct. 2551 the decision has changed the law and the Illinois robbery statute no longer qualifies as a predicate "crime of violence" under the ACCA.

Considering only the "physical force" element under the first <u>Johnson</u> case, "physical force" means a <u>violent</u> force – that is, one capable of causing physical pain or injury to another person.

Johnson v. United States, 130 S.Ct. at 1271.

In the common law, for the offense of battery, necessary physical force was described as the merest touching. The merest touching is not sufficient to establish a violent felony. Johnson v. United States, 130 S.Ct. at 1274.

The force requirement in Illinois robbery law is similar to the force requirement in common law battery. The physical force to commit robbery under Illinois law can be almost negligible. It includes the "rather minimal" force necessary to tug a key chain attached to clothing free from its owner. United States v. Rodriquez, 925 F.2d 1049, 1052 (7th Cir. 1991). This is not the "violent force" force necessary for a "crime of violence" under the ACCA. Illinois robbery does not categorically require "violent force."

Other circuits have re-examined state robbery statutes as predicate felonies under the ACCA in light of the "violent force" requirement stated in Johnson v. United States, 130 S.Ct. 1265. They include the First, Fourth and Ninth Circuits. The First Circuit remanded a case for consideration of whether robbery in Puerto Rico required only the slightest force, noting that if so, the requirement of "violent force" stated in Johnson would not be met. United States v. Castro-Vasquez, 802 F.3d 28, 37-38 (1st Dir. 2015). The Fourth Circuit held that since the North Carolina robbery statute included use of minimal force to satisfy the force

requirement, it did not satisfy the "violent force" requirement. United States v. Gardner, 2016 WL 2893881 (4th Cir. May 18, 2016). The Ninth Circuit held that the Massachusetts robbery statute included robberies requiring only "minimal, nonviolent force" - purse snatchings - and were not sentencing enhancers. United States v. Parnell, 2016 U.S.App. LEXIS 6629 (9th Cir. April 12, 2016).

## The Burden of Proof

It is the government's burden to prove that an prior conviction is a "crime of violence". Kirkland v. United States, 687 F.3d 878 (7th Cir. 2012). The evidence used to prove the prior conviction must meet the restrictions imposed in Shepard v. United States, 544 U.S. 13 (2004). Kirkland v. United States, 687 F.3d 878.

## Relief sought

The defendant Ernest Shields seeks vacation of his sentence and a resentencing.

## CONCLUSION

Wherefore, the movant, Ernest Shields, respectfully requests that this Honorable Court grant him the relief sought in this motion. The defendant requests that his sentence be vacated and that he be resentenced.

**Part II - Ineffective Assistance of Counsel**

Statement of the issue

Counsel was ineffective for failure to investigate or use at trial the civil case brought against the witness Officer Coglianese alleging the planting of a gun on an individual and the beating of that individual.

Summary of the trial evidence

At trial, Officer Coglianese testified to the flight of the defendant and the officer's chase of the defendant at night down a an alley lit only by streetlights. Case No. 11-440, Doc. #143, p. 146, 148. Officer Coglianese testified that while pursuing the defendant, the officer saw a handgun in the defendant's hand but did not draw his own weapon. Doc. #143, p. 148, 158. Instead, he pursued the armed defendant into a vacant lot, where the officer pushed the defendant down. Doc. #143, p. 149. The officer testified that the defendant fell face down, with the defendant's hands covered by the defendant's body. Doc. #143, p. 150, 178, 186. Officer Coglianese testified that he then found the gun lying on the ground after he rolled the defendant over. Doc. #143, p. 160. At no time did he call out "gun!" or otherwise warn his partner or other officers of the presence of a gun. Doc. #143, p. 177, 190. No fingerprints were found on the gun. Doc. #144, p. 306.

The defense argued that Officer Coglianese did not call out

"gun!" or warn his partner or the other officers of a gun because there was no gun in the first place. Doc. #144, p. 360, 362. The defense argued that Officer Coglianese planted the gun, and charged the defendant with its possession. Doc. #144, p. 352, 362, 364. The jury took a little under four hours to reach its verdict.

The Strickland test

To establish ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that there was prejudice. Deficient performance requires a showing that counsel's actions were outside the wide range of professionally competent assistance. The presumption is that counsel's conduct was within the range of reasonable professional assistance and was "sound trial strategy." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).

Prejudice is shown by the defendant demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). For the prejudice prong, the defendant does not have to show actual innocence or that he outcome more probably would have been different, but only that there is a reasonable probability that it would have been different. Benefiel v. Davis, 357 F.3d 655, 661 (7th Cir. 2004). The defendant also relies upon the Sixth Amendment.

- 17 -

U.S. Const., amend. VI.

The defense attorney's theory of the case

The defense attorney's theory of the case is that Off. Coglianese was not credible in his claims about seeing the defendant with a gun and that the facts of the case do not support the claims of Off. Coglianese. The defense attorney's closing argument summarizes the inconsistencies.

In closing the defense attorney argued that the defendant would have tossed the gun while running; that an officer seeing defendant with a gun would have shot him, not chased after him; that an officer seeing a defendant with a gun would have called out to his fellow officers, "gun, gun!"; that only Off. Coglianese says he saw the defendant with a gun; that it was not credible that Off. Coglianese did not draw his gun if he saw the defendant with a gun; that Off. Coglianese would not sit on defendant's back knowing that there was a gun underneath the defendant; and that the defendant would not use the vernacular, "Oh I shouldn't have had that weapon on me." Doc. #145, pp. 356-364.

The deficient performance - failure to investigate

The deficient performance of the defense attorney was in her failure to investigate and introduce evidence of untruthfulness of Officer Coglianese in his testimony of the events surrounding the

- 18 -

arrest of the defendant. This was a case were the veracity of the witness was challenged. Trial counsel was ineffective.

It was only in the defendant's motion for acquittal or new trial that defense counsel first mentioned the lawsuit for civil rights violation arising from a similar case against Off. Coglianese. Doc. #100, p. 6. The government responded that the argument was waived. Doc. #101, p. 9. This further demonstrates ineffective assistance of counsel.

For whatever reason, the defense counsel did not challenge the veracity of the witness with the information from the civil lawsuit. Without a hearing, the court cannot say whether counsel failed to impeach the witness as part of litigation strategy. See United States v. Scanga, 225 F.3d 780, 784 (7th Cir. 2000).

Failure to seek Giglio materials

At the conclusion of Officer Coglianese's direct examination, defense counsel did not make a Giglio request for materials pertaining to the witness. Doc. #143, p. 170. This was ineffective assistance of counsel. With a Giglio motion, the defense may well have been tendered the civil lawsuit, Chicago Police Department records of complaints, and Office of Professional Standards records and statements of Off. Coglianese. Trial counsel would have obtained materials that would lead to an effective cross examination and impeachment. As a result, the fact of a prior

similar event involving allegations of planting a gun never came out at trial.

The first time the defense attorney raised the Giglio issue, though not by name, was in a the defendant's Motion for a Judgment of Acquittal or a New Trial. Doc. #100, p. 6, citing In re Kelly Quarles v. City of Chicago and Chicago Police Officers, 04 CR 3753, filed in the Northern District of Illinois. The government responded that the argument was waived because the defendant failed to raise it at trial. Government's Response, Doc. #101, pp. 9-10. The defendant's motion for acquittal or new trial was denied. Doc. #121.

Without a hearing, it is impossible to know counsel's reason for not asking for Giglio materials. Representation by trial counsel did not meet the Strickland standard.


Admissibility of the evidence

On cross-examination the court may allow inquiry into extrinsic evidence if specific instances of conduct are probative of the character for truthfulness or untruthfulness of the witness. FRE Rule 608 (b). The rule excludes extrinsic evidence, but not a particular line of questioning. United States v. Dawson, 434 F.3d 956 (7th Cir. 2006). For example, a witness's acts of intimidation toward witnesses in an unrelated case is relevant to truthfulness. United States v. Manske, 186 F.3d 770 (7th Cir. 1999).

Moreover, under FRE 404(b), extrinsic evidence may be offered as relevant to an issue in the case, such as intent.   FRE Rule 404(b).

Prejudice resulting from failure to test credibility

The trial came down to a single issue, the credibility of Off. Coglianese's claim that he found the gun under where the defendant had lain, after the defendant was rolled over.   Trial transcript, Docket #143, p. 160.   When a trial comes down to a single issue, such as credibility of the witness, deficient performance by a defense counsel in testing the credibility may be prejudicial. Earls v. McCauhtry, 379 F.3d 489, 495 (7th Cir. 2004).

Failure to investigate and make use of this available impeachment and extrinsic evidence was deficient and outside of the range of professionally competent assistance.

Failure to seek discovery

It was a deficient performance of the defense attorney to fail to seek discovery.   Defense counsel filed no discovery motion. United States v. Shields, Case No. 11 cr 440, Docket report. Without such motion, defense counsel had no mechanism to pursue attempts to obtain the Office of Professional Standards records, pertaining to Off. Coglianese.   Such records must exist, given the settlement by the City of Chicago of the civil case in which Off.

Coglianese was a defendant. Further, the docket report in Case No. 11 cr 440 shows no effort to subpoena any records pertaining to Off. Coglianese.

Additionally, defense counsel filed no motion for production of Brady material and no motion for production of Giglio material. Given that the whole case turns on the credibility of Off. Coglianese, the failure to seek evidence material to that issue is prejudicial. Because the rule is that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police," a request for production of materials concerning Off. Coglianese should have produced documentation pertaining to the officers veracity. See Kyles v. Whitley, 514 U.S. 419, 437, 115 S.Ct. 1555 (1995).

In the defendant's case, it was clear that the issue was going to be the credibility of Off. Coglianese. With no fingerprints on the gun, and no other officer finding the gun or claiming to see it in the defendant's hand, the case turned on the testimony of Officer Coglianese. Some effort should have been made to investigate the credibility of Off. Coglianese. As stated in Wiggins, counsel is not required to investigate every conceivable line of evidence, but the strategic choices made after less than complete investigation is reasonable only to the extent that professional judgment supports the limited investigation. Wiggins v. Smith, 123 S.Ct. 2527 (2003).

- 22 -

The outright failure to investigate must be distinguished from a from strategic decision, such as not to call a witness. See <u>United States v. Best</u>, 426 F.3d 937 (7th Cir. 2005).

<u>Prejudice resulting from failure to seek discovery</u>

The failure to seek discovery pertaining to the obvious single issue, the credibility of Off. Coglianese, prevented defense counsel from impeaching the improbable testimony of the officer and was prejudicial.

<u>Failure to object to hearsay</u>

<u>The deficient performance - failure to object to hearsay</u>

It was a deficient performance of the defense attorney to fail to object to the hearsay of the radio dispatch tapes. Such tapes were introduced to buttress the testimony of the police. The defense attorney attempted to address the lack of objection to the hearsay of the police dispatcher tapes in the defendant's Motion for a Judgment of Acquittal or a New Trial. Doc. #100, p. 7.

<u>Prejudice resulting from hearsay</u>

In failing to object to hearsay of the dispatcher's tapes, the defense attorney weakened her argument against the credibility of Off. Coglianese, and such failure was prejudicial to the defendant. As stated in the motion, "The tape was introduced for its truth to

- 23 -

support the testimony of the police officers at trial." Defendant's Motion for a Judgment of Acquittal or a New Trial. Doc. #100, p. 7. It was self-defeating not to object to the use of the tapes.

<u>Relief sought</u>

The defendant Ernest Shields seeks vacation of his sentence and a new trial.

<u>CONCLUSION</u>

Wherefore, the movant, Ernest Shields, respectfully requests that this Honorable Court grant him the relief sought in this motion. The defendant requests that his sentence be vacated and a new trial.

Dated November 1, 2016 at Evanston, Illinois.

Respectfully submitted,
FEDERAL DEFENDER PANEL
ATTORNEY PROGRAM
Carol A. Brook
Executive Director

```
                                    /s/ John T. Kennedy
                                By:_____
                                    John T. Kennedy
                                    Attorney for Defendant

John T. Kennedy
Attorney for Defendant
820 Davis Street, Suite 434
Evanston, Il 60201
(847) 425-1115
```

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

```
UNITED STATES OF AMERICA      )
                              )
                              )
        v.                    )    Case No.
                              )
ERNEST D. SHIELDS             )
```

**MOTION FOR RELIEF UNDER 28 U.S.C. SEC. 2255**

**EXHIBITS LIST**

| Exhibit | Description |
|---------|-------------|
| A. | Appellate Court Decision, <u>U.S. v. Shields</u>, 789 F.3d 733 (7th Cir. 2015) |
| B. | Clerk of the Supreme Court, letter re: denial of petition for writ of certiorari |
| C. | Motion for a Judgment of Acquittal or a New Trial, Doc. #100 |
| D. | Government's Response to Motion for a Judgment of Acquittal or a New Trial, Doc. #101 |
| E. | Amended Complaint, Williams v. Williams et al., Case No. 06 CV 3058, NDIL |
| F. | Transcript Cover Page, Trial, Doc. #143 |
| G. | Transcript Cover Page, Trial, Doc. #144 |
| H. | Transcript Cover Page, Trial, Doc. #145 |
| I. | Transcript Cover Page, Sentencing, Doc. #146 |

John T. Kennedy
Panel Attorney
Attorney for Defendant
820 Davis Street, Suite 434
Evanston, IL 60201
(847) 425-1115

- 27 -

## DECLARATION

The undersigned hereby declares under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. sec. 2255 was electronically filed on November 1, 2016. The undersigned is the attorney for the Defendant, Ernest Shields, who has authorized the undersigned to file this motion on his behalf. The facts contained in this Motion were obtained from the case file, docket sheets, trial transcripts, and relevant court documents as well as from information provided by the Defendant. Although the Defendant has been able to contact counsel by telephone to provide facts related to this motion, time does not allow the sending of this document to the Defendant for his signature prior to the filing deadline.

Executed this 31st day of October, 2016.

/s/John T. Kennedy

_____
John T. Kennedy

- 28 -

CERTIFICATE OF SERVICE

I, John T. Kennedy, certify that on November 1, 2016 I caused the document listed above to be served pursuant to ECF on the above-named Assistant United States Attorney, who is a Filing User, and to be mailed to all other individuals.

/s/ John T. Kennedy

_____